JOHN H. VAN BRUNT AND OTHERS, APPELLANTS, v. THE TOWN OF FLATBUSH AND OTHERS, RESPONDENTS.

*Highway through country towns — when subject to the same servitudes of drainage, etc., as a city street — sufficiency of the title of an act relating to a local improvement.*

Where a public highway commences in the heart of a city, and extends thence through the neighboring towns which have been laid out into streets under legislative authority, and contain a large population, the portion of the highway in the towns must be regarded as having the same character as a city street, and may be appropriated to any use dictated by the demands of the public.

The extent of the servitudes to which such a highway is subject is co-extensive with the necessities of the people, including the right to build large trunk-sewers to discharge the sewage of the towns through them.

*Semble,* that in a country highway, running through a rural district, the public has only a right to pass over its surface, with no right to interfere with the soil except for the reparation of the road itself.

It is not necessary to specify, in the title of an act relating to a local improvement, the different steps to be taken and measures to be adopted in making the improvement.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 8th day of December, 1890, dismissing the plaintiffs' complaint.

The action was brought to enjoin the defendants from constructing a sewer through what was known as Flatbush avenue, in the town of Flatlands, by the owners of certain premises abutting upon said avenue. The defendants, other than the Town of Flatbush, were commissioners created under an act of the legislature (chap. 161 of the Laws of 1889), and were by that act empowered and directed to devise, establish and construct a system of sewers for said town.

*Treadwell Cleveland* and *William V. Rowe,* for the appellants.

*William J. Gaynor,* for the respondents.

DYKMAN, J.:

It is the object of this action to obtain a judgment which shall restrain the construction of a sewer in Flatbush avenue where it runs through the lands of the plaintiffs. The defendants, other than the town, are the street and sewer commissioners of the town of Flatbush, and the plaintiffs are the owners in fee of the land described in the complaint over which Flatbush avenue is constructed, but such ownership is subject and subordinate to the rights of the public in the avenue, and those rights embrace all the purposes to which the avenue may be lawfully appropriated.

The powers and duties of the street and sewer commissioners are specified in chapter 161 of the Laws of 1889, under which they were created. That law contemplated many improvements in the town of Flatbush through the instrumentality of the commissioners, and, among other things, they were authorized and required to devise and make a plan for building one or more trunk-sewers to take and discharge the sewage matter in such town into the tide-water.

And for the purpose of building sewers in the town to connect with the trunk-sewer or sewers, they may divide the town into as many districts as they may see fit, and devise a plan for building the sewers in the streets of each district, so as to connect with such trunk-sewer or sewers, and they were required to make and file maps showing such plans, and all sewers provided for other than trunk-sewers and surface-drains are to be designated as lateral sewers. (Sec. 4.)

"And for the purpose of building such trunk and lateral sewers they shall have the right to enter into or upon any street required for such sewers, and there to build and maintain the same. The right hereby given shall be deemed to include the right to acquire the necessary lands and rights to build the trunk and lateral sewers and branches in the said town of Flatbush, and also to build so much of said trunk-sewer as may be necessary in the town of Flat-lands." (Sec. 5.)

By the provisions of the statute thus extracted the commissioners were clothed with power to design and construct a trunk-sewer in Flatbush avenue through the towns of Flatbush and Flatlands to the ocean, and thus they possessed the power and authority to do what they have done in that direction, and also what they propose to do, so long as they conduct their operations with proper care and prudence.

It is the claim of the plaintiffs in this action, however, that the construction of the sewer is the imposition of an additional burden upon their ultimate fee in the land, for which they are entitled to compensation, and, therefore, the building of the sewer through their land is unlawful.

The tenability of the position assumed by the plaintiffs depends upon the character of the avenue. If it be a country highway through a rural district, then the public have in it only a right to pass over its surface, with no right to interfere with the soil except for the reparation of the road itself. Such limitation upon the public right in a country road is based upon the theory of an appropriation of the land for a particular purpose, with no anticipation of any use except for public travel, because the necessities of the public required no other, and none further was deemed to have been anticipated when the land was acquired for public use.

Far other and different, however, are the rights of the public in a street in a populous community. Such a street may be appro-

priated to any use dictated by the demands of the public, and the extent of the servitude is measured and limited by the necessities of the people. Their rights are co-extensive with their wants.

In respect to the character of Flatbush avenue, we think it must be deemed a city street throughout its whole extent. It commences in the heart of the city of Brooklyn and extends through the towns of Flatbush and Flatlands to the ocean, and it is not divested of its original character when it enters those towns. Their proximity to a large city and their large population deprives them of the character of a rural community, and the time has gone by when they can lay claim to rurality. All the towns in King's county have been laid out in streets under legislative authority. The city of Brooklyn is spreading out towards the outlying towns. The town of Flatlands is on the confines of a large city and contains a large population, and the time has come when its people require much greater rights in its streets than a mere right of passage over their surface. It must be borne in mind that the portion of Flatbush avenue which is in the town of Flatlands was constructed under chapter 822 of the Laws of 1872, which made ample provision for compensation for damages resulting to any land-owner whose property was taken, and we must now assume that compensation was made for all the burdens which might be lawfully imposed upon the land. Moreover, in the very law under which these commissioners are conducting their operations, provision is made for the acquisition of the right to construct this sewer in any streets or other lands not belonging to the public; and as Flatbush avenue does belong to the public, it seems to follow that no further right is necessary to justify the construction of the sewer therein. Upon this branch of the case our conclusion is that the sewer may be lawfully constructed through the lands of the plaintiffs without further compensation.

In our view the act is not violative of the Constitution. Its title is, " An act in relation to local improvements in the town of Flatbush and the acquisition of the rights of a plank-road company in said town," and there is no provision in the law which does not relate either to local improvements in the town or the acquisition of the plank-road. If it became necessary to extend the sewer beyond the bounds of the town to consummate the improvement, the work relates to local improvement. It was not necessary to specify

the different steps to be taken and the different measures to be adopted in making the local improvement. They were but different portions of one general subject, which was expressed in the title of the act. We think the title sufficiently broad to answer the requirements of the Constitution. (*Brewster* v. *Syracuse*, 19 N. Y., 116.)

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred ; PRATT, J., not sitting.

Judgment affirmed, with costs.